**SIGNED.**

Dated: December 06, 2010

*[signature]*
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CHRISTOPHER J. LUNA and TANYA S. LUNA,<br><br>Debtor(s). | Chapter 7<br><br>No. 4:09-bk-17869-JMM<br><br>Adversary No. 4:09-ap-01451-JMM |
| KURT KUMETAT,<br><br>Plaintiff,<br>vs.<br><br>CHRISTOPHER J. LUNA and TANYA S. LUNA,<br><br>Defendants. | **MEMORANDUM DECISION** |

After trial, the court finds the facts as follows:

1. Defendants rented a home from Plaintiff on February 25, 2008 (Ex. B).

2. The lease called for one pet, a dog (Ex. B).

3. The Defendants vacated the premises on or about December 1, 2008 (Ex. C).

4. After the Defendants vacated, the Plaintiff/landlord re-tiled the home (it had been carpeted during the Defendants' occupancy). He also repainted and replaced a lamp and a faucet. He estimates these repairs to be $8,563.82 (Ex. D).

5. Plaintiff maintains that the repairs were required due to the Defendants' intentional destruction of the premises, and the inclusion of an additional pet, a cat.

## **CONCLUSIONS OF LAW**

In order for a court to find a non-dischargeable debt for intentional destruction of premises, a plaintiff is required to prove its case by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654 (1991).

In this case, the Plaintiff failed to meet that burden. While the Defendants may have been slovenly, the court was unable to find conduct that their actions amounted to more than a breach of the "reasonable wear and tear" provisions of the rental agreement. Damages for breaches of contract are dischargeable. The court finds, from the evidence, that the disrepair from Defendants' occupancy was not due to an intentional willful or malicious disregard for Plaintiff's property rights, but rather from unclean lifestyle choices

The Supreme Court of the United States has decree that the term "willful" means that the injury must be done with the deliberate intent to cause an injury to a claimant, not merely a deliberate or intentional act that leads to an injury. *Kawaauhau v.Geiger.* 118 S.Ct. 974 (1998). The Eighth Circuit Court of Appeals has held that "malice" refers to conduct more culpable than recklessness. *In re Long*, 774 F.2d 875, 881 (8th Cir. 1985).

Here, while the Defendants were indeed poor tenants, their lifestyle choices did not rise to the level of making their breach of contract debt non-dischargeable.

Accordingly, judgment will be entered dismissing Plaintiff's Complaint.

DATED AND SIGNED ABOVE.

1  COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:
2  
3  Kurt Kumetat, Plaintiff
4  Paul D. Peterson, Attorney for Defendants
5  Gayle Eskay Mills, Trustee
6  Office of the U.S. Trustee
7  
8  
...
28